<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
JOSE RICARDO BAYONA-CASTILLO,   :   Civil Action No. 16-5053 (JMV)
:
         Petitioner,   :
:
       v.   :   **OPINION**
:
CHARLES L. GREEN,   :
:
         Respondent.   :
_____:

APPEARANCES:

John P. Leschak
Leschak & Associates, LLC
3587 Highway 9N, Suite 217
Freehold, NJ 07728
    on behalf of Petitioner

Ubaid Ul-Haq
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868
Ben Franklin Station
Washington DC 20044
    on behalf of Respondent

**VAZQUEZ**, United States District Judge

    On August 15, 2016, Petitioner, acting *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1), challenging his prolonged pre-final removal order detention by U.S. Immigration and Customs Enforcement ("ICE"). On October 11, 2016, Respondent filed a response to the petition, opposing habeas relief on the basis that mandatory detention under 8 U.S.C. § 1226(c) is reasonable under the circumstances present here. (ECF No. 4.) Attorney John

Leschak entered an appearance as counsel for Petitioner on November 2, 2016, and filed a reply to Respondent's Answer on November 9, 2016. (ECF Nos. 5, 7.) Respondent filed a response on December 7, 2016. (ECF No. 10.)

## I. BACKGROUND

In his petition for habeas corpus relief under 28 U.S.C. § 2241, Petitioner alleges he has been in the custody of ICE, held in Essex County Correctional Facility since February 10, 2016. (ECF No. 1 at 1.) Petitioner is a native and citizen of Peru. (*Id.*) He entered the United States as a lawful permanent resident on September 20, 1981. (*Id.* at 4, ¶7.) On December 8, 1995, Petitioner was convicted in the Superior Court of New Jersey, Passaic County, of possession of CDS (marijuana) with intent to distribute, and unlawful possession of a defaced weapon. (ECF No. 4 at 7; Ex. D at 37.) He was sentenced to a 180-day term of imprisonment and three years of probation. (*Id.*)

On November 7, 2003, Petitioner was convicted of possession of CDS (cocaine) in the Superior Court of New Jersey, Passaic County. (*Id.*) He was sentenced to three years of probation. (*Id.*; Ex. D at 20.) While Petitioner was on probation, in August 2004, he was arrested for operating a CDS facility; being a leader of a narcotics network; conspiracy to distribute heroin/cocaine; distributing heroin/cocaine; and possession of CDS. (ECF No. 4 at 7-8; Ex. D at 25.) He was sentenced to 364 days imprisonment for violating his probation. (*Id.* at 8; Ex. D. at 22.)

On February 10, 2016, ICE arrested Petitioner and issued a Notice to Appear, charging him with removability under 8 U.S.C. § 1227(a)(2)(B)(i) and 8 U.S.C. § 1101(a)(43)(B) and 8 U.S.C. § 1227(a)(2)(A)(iii), due to his convictions for a controlled substance offense and an aggravated felony involving illicit trafficking of a controlled substance. (ECF No. 4 at 8; Ex. E at 60.) On March 18, 2016, ICE withdrew a second charge of aggravated felony and added a charge of

removability for an alien convicted of certain firearm offenses, pursuant to 8 U.S.C. § 1227(a)(2)(C).  (ECF No. 4 at 8, n.1.)  Petitioner is detained as a criminal alien under 8 U.S.C. § 1226(c).  (*Id.* at 6.)

Petitioner made his initial appearance in his removal proceedings on March 16, 2016. (ECF No. 4 at 9; Ex. A at 3, ¶4.)  He contested his removability, and his counsel requested time to brief the motion to terminate.  (*Id.*)  The matter was reset to May 11, 2016.  (*Id.*)  The immigration judge ("IJ") denied Petitioner's motion to terminate, and Petitioner requested a continuance to file applications for relief from removal.  (*Id.*; Ex. A at 3-4, ¶6.)  The hearing was continued to June 22, 2016.  (*Id.*; Ex. A, ¶7.)  However, Petitioner's counsel asked for a further continuance to seek post-conviction relief from Petitioner's 2003 conviction.  (*Id.* at 9; Ex. I.)  The IJ granted the continuance, rescheduling the hearing for July 19, 2016.  (*Id.* at 10; Ex. A at 4, ¶7.)

Petitioner sought a further continuance because his post-conviction relief proceedings had been continued.  (*Id.*; Ex. J at 89-90.)  The IJ continued the matter to August 24, 2016, because counsel had not prepared an application for relief.  (*Id.*; Ex. K at 97).  When Petitioner filed his application for relief on August 24, 2016, the IJ set the merits hearing for November 14, 2016. (*Id.*, Ex. A at 4, ¶9.)

## II.     DISCUSSION

### A.     Standard of Review

8 U.S.C. § 1226(c)(1) mandates that the Government "take into custody" aliens who are convicted of certain crimes or have engaged in certain terrorist activities.  Section 1226(c)'s mandate includes aliens who are deportable because they have committed drug-related offenses. 8 U.S.C. §§ 1226(c)(1)(B); 1227(a)(2)(B)(i)).

Detention without the possibility of bond "for a reasonable period of time" pursuant to §

1226(c) is constitutional.  *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 223 (3d Cir. 2011).  Section 1226(c) detention may raise constitutional concerns if detention becomes unreasonably prolonged. *Id.*  Under *Diop*, the reasonableness of a period of detention is "a function of whether it is necessary to fulfill the purpose of the statute." *Id.* at 234.  Once detention becomes unreasonably prolonged, "the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." *Id.* at 231.

The Third Circuit has not imposed a bright-line rule for when detention becomes unreasonably prolonged; the inquiry is fact-intensive.  *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469, 474, n.7 (3d Cir. 2015).   In *Chavez-Alvarez*, the court noted that after six months of detention, "and certainly by the time [the petitioner] had been detained for one year, the burdens to [the petitioner's] liberties outweighed any justification for using presumptions to detain him without bond to further the goals of the statute." *Id.* at 478.

    B.    <u>Arguments</u>

Respondent contends Petitioner's detention is reasonable because 161 days of Petitioner's detention [at the time the answer was filed on October 11, 2016] are attributable to his counsel's request for continuances.  (ECF No. 4 at 19.)  Two of those continuances were for the purpose of collaterally attacking a 13-year-old criminal conviction.  (*Id.* at 20.)  Pendency of a collateral attack does not affect the immigration consequences of a final criminal conviction.  (*Id.* citing *Medina Lopez v. Att'y Gen. of the U.S.*, 425 F. App'x 146, 150 (3d Cir. 2011); *Paredes v. Att'y Gen. of the U.S.*, 528 F.3d 196, 198-99 (3d Cir. 2008)).  Therefore, the IJ was not required to grant a continuance for this purpose.

Respondent further contends that Petitioner lacks a bona fide challenge to his removal.  (*Id.*

at 21.)  Petitioner is statutorily ineligible for any type of relief from removal because he has been convicted of an aggravated felony.  (*Id.* citing 8 U.S.C. § 1229(b)(a)(3)).  The only form of relief available to Petitioner is deferral of removal under the Convention Against Torture.  (*Id.*, citing 8 C.F.R. § 1208.17(a); 8 C.F.R. § 1208.16(d)(2); *Baboolall v. Att'y Gen. of U.S.*, 606 F. App'x 649, 656 (3d Cir. 2015)).  Respondent asserts it is difficult to conceive how Petitioner, who has not lived in Peru for more than 35-years, would succeed on his CAT claim, where he must prove that he fears torture by a public official or person acting in an official capacity if returned to Peru.  (*Id.* at 22.)  Finally, Respondent argues that Petitioner's length of detention is akin to petitioners whose habeas petitions have been dismissed without prejudice because the detention is not unreasonably prolonged.  (*Id.* at 18.)

In reply to Respondent's arguments, Petitioner first contends that 152 days of his detention are not attributable to his own delays in removal proceedings.  (ECF No. 7 at 7.)  Petitioner asserts that he did not request continuances on March 16, 2016 or May 11, 2016.  (*Id.*)  Petitioner concedes that 64 days of the delay in his proceedings are attributable to his requests for continuances between June 22, 2016 and August 24, 2016.  (*Id.* at 8.)  Petitioner further argues he should not be punished for seeking continuances to collaterally attack his 2003 criminal conviction.  (*Id.*)  Petitioner notes that if he is successful in his collateral attack on his conviction, he is eligible to seek relief under former INA § 212(c).  (*Id.*)

Petitioner asserts he has been in ICE detention longer than the 180 days he served in jail for his crimes.  (*Id.*)  He contends the Court should consider the fact that he is presently detained in a penal institution alongside convicted criminals.  (*Id.* at 20-21.)  Finally, Petitioner argues that his continued detention does not serve the legislative purpose of § 236(c) because his convictions are more than 10-years-old, and his 2004 sentence was for violation of probation, not a subsequent

5

offense.  Therefore, he is offense-free since 2004, and is no longer a danger to the public.  (*Id.* at 21.)

Respondent contests Petitioner's arguments.  (ECF No. 10.)  First, Respondent claims Petitioner was responsible for the delays in proceedings in March and May of 2016.  (*Id.* at 5.)  Although Petitioner did not request continuances, the continuances were required because counsel was not prepared to go forward at those proceedings because he had not submitted the proper written materials.  (*Id.* at 6-10.)  Respondent contends that but for Petitioner's delays, he could have been ordered removed on May 11, 2016.  (*Id.* at 10.)

Second, Respondent reiterates that filing a collateral attack on a criminal conviction does not suspend entry or execution of a removal order.  (*Id.* at 11.)  Therefore, the delay for such a proceeding should be chargeable to Petitioner.  (*Id.* at 12.)  Respondent concludes the removal proceedings have been progressing "as quickly as [Petitioner] has allowed," and his detention remains reasonably necessary to secure his removal.  (*Id.* at 15.)  The merits hearing on Petitioner's removal was set for January 24, 2017.  (*Id.* at 11.)

  C. Analysis

"District courts retain jurisdiction to hear habeas petitions filed by aliens subject to removal for having committed certain criminal offenses, as well as those filed by non-criminal aliens, where they allege constitutional violations."  *Pisciotta v. Ashcroft*, 311 F.Supp.2d 445, 453 (D.N.J. Jan. 9, 2004) (citing *Chmakov v. Blackman*, 266 F.3d 210 (3d Cir. 2001)).  The constitutionality of pre-removal order mandatory detention "is a function of the length of the detention." *Chavez-Alvarez*, 783 F.3d at 474 (quoting *Diop*, 656 F.3d at 232.))  Reasonableness of the length of detention is highly fact-specific.  *Id.*  The inquiry involves more than which party caused the delay.  *Id. at 475*.  "The most important consideration . . . is whether an alien challenges aspects of the Government's

case that present real issues, for example: a genuine factual dispute; poor legal reasoning; reliance on a contested legal theory; or the presence of a new legal issue." *Id. at 476.*

Here, the unnecessary delays caused by Petitioner's counsel's unpreparedness for immigration proceedings, March 16, 2016 through June 22, 2016 (98 days), are not attributable to the Government. As Respondent noted, Petitioner could have been ordered removed as early as May 2016, but for these delays.

The 63-day delay from June 22, 2016 through August 24, 2016, was caused by Petitioner's continuances for seeking post-conviction relief for his 2003 criminal conviction. There is no possibility of relief from removal based on a final criminal conviction until it has been overturned. *Paredes*, 528 F.3d at 198-99. Therefore, it is unnecessary for an IJ to grant a continuance to seek such relief. Here, Petitioner could have sought post-conviction relief many years earlier to avoid the immigration consequences. Petitioner cannot now argue that his pre-removal detention is unreasonable where he caused part of the delay to challenge a thirteen-year-old conviction.

Petitioner has now been detained by ICE for just over one-year, but 161 days of the detention were due to the requests and unpreparedness of Petitioner's counsel. Importantly, such delays were not attributable to the Government. Under the circumstances, where only seven months of Petitioner's detention can fairly be attributed to the Government for pre-removal detention of a criminal alien, Petitioner's detention is not yet unreasonably prolonged. *See e.g. Krumah v. Hendricks*, Civ. Action No. 13-4249 (SDW), 2013 WL 5797680, at *3 (D.N.J. Oct. 28, 2013) (10-month detention was reasonable where Government was not responsible for any delay); *Espinoza-Loor v. Holder*, Civ. Action No. 11-6993 (FSH), 2012 WL 2951642, at *7 (D.N.J. July 2, 2012) (13-month detention not unreasonable where petitioner requested multiple continuances); *Bete v. Holder*, No. Civ. Action No. 11-6405 (SRC), 2012 WL 1067747, at *8 (D.N.J. Mar. 29,

2012) (one-year detention was reasonable where the petitioner contributed to the delay in proceedings).

### III. CONCLUSION

For the reasons discussed above, the Court dismisses the habeas petition without prejudice, for failure to state a habeas claim for relief.

An appropriate Order follows.

Date: February 27, 2017  　　　　　　　　　　s/ John Michael Vazquez
At Newark, New Jersey  　　　　　　　　　　JOHN MICHAEL VAZQUEZ
　　　　　　　　　　　　　　　　　　　　　United States District Judge